ATLANTIC COAST ELECTRIC RAILROAD COMPANY v.
THOMAS J. GRIFFIN ET AL.

Submitted December 5, 1899—Decided February 26, 1900.

Under the General Borough act (*Pamph. L.* 1897, *p.* 285), boroughs have
the absolute and exclusive control over streets and highways within
their respective limits, and the General Road act is suspended and
wholly inoperative within such limits.

---

On *certiorari.*

Before Justices DIXON, GUMMERE and LUDLOW.

For the prosecutor, *Isaac C. Kennedy.*

The opinion of the court was delivered by

LUDLOW, J. The return to this writ and the statement of
agreed facts in the case, and made part of it, show that the
Court of Common Pleas of Monmouth county on March 30th,
1899, on application of Thomas J. Griffin and others, more
than ten freeholders residents of said county, by its order ap-
pointed six surveyors of the highways to lay out a public
road in Ocean township, as described in said application.

That said surveyors accordingly laid said public road and filed their return on May 5th, 1899, with map.

Whereupon the prosecutor obtained this *certiorari* for review of said proceedings.

By the agreed facts (1) the prosecutor is the owner in fee of a considerable part of the lands on which said road is laid; (2) the main portion of the said road is laid within the corporate limits of the duly incorporated borough of Allenhurst in said county. This borough was created by act of April 26th, 1897 (*Pamph. L., p.* 334), and was invested with all the corporate powers conferred by the General Borough act of April 24th, 1897 (Revision). *Pamph. L., p.* 285. Section 33, page 301, expressly including the power to lay out, &c., streets and highways within its corporate limits. Thus its jurisdiction and control over its streets and highways became absolute and exclusive, and the provisions of the General Road act of the state were suspended and wholly inoperative within the corporate limits of that borough. *Cherry* v. *Keyport*, 23 *Vroom* 544; *In re Public Road*, 25 *Id.* 539.

The Court of Common Pleas of Monmouth, therefore, had no jurisdiction in the matter of laying out the public road in question, and its action and order appointing surveyors of the highways to lay the same is vacated, and the return of said surveyors laying said road is set aside, with costs to the prosecutor.